

# NUMBER 13-14-00445-CV

# COURT OF APPEALS

# THIRTEENTH DISTRICT OF TEXAS

# CORPUS CHRISTI - EDINBURG

---

## IN THE INTEREST OF A.S., J.D., and S.D., CHILDREN

---

### On appeal from the 156th District Court
### of San Patricio County, Texas.

---

# MEMORANDUM OPINION

**Before Justices Rodriguez, Benavides, and Perkes**
**Memorandum Opinion by Justice Perkes**

Appellants N.S. and F.D. challenge the trial court's judgment terminating their

parental rights with respect to A.S., J.D. and S.D., minor children.[1]   We affirm.

---

[1] We refer to appellants and the minor children by their initials in accordance with rule of appellate procedure 9.8.   *See* TEX. R. APP. P. 9.8(b) (providing that in a parental-rights termination case, "the court must, in its opinion, use an alias to refer to a minor, and if necessary to protect the minor's identity, to the minor's parent or other family member"); *see also* TEX. FAM. CODE ANN. § 109.002(d) (West, Westlaw through 2013 3d C.S.) ("On the motion of the parties or on the court's own motion, the appellate court in its opinion may identify the parties by fictitious names or by their initials only.").

## I. COMPLIANCE WITH *ANDERS*

Pursuant to *Anders v. California*, appellants' court-appointed appellate counsel have filed briefs and motions to withdraw with this Court, stating that their review of the record yielded no grounds of error upon which an appeal can be predicated. 386 U.S. 738, 774–45 (1967); *Porter v. Tex. Dep't of Protective & Regulatory Servs.*, 105 S.W.3d 52, 56 (Tex. App.—Corpus Christi 2003, no pet.) ("[W]hen appointed counsel represents an indigent client in a parental termination appeal and concludes that there are no non-frivolous issues for appeal, counsel may file an *Anders*-type brief."). Counsels' briefs meet the requirements of *Anders* as they present professional evaluation demonstrating why there are no arguable grounds to advance on appeal. *See In re Schulman*, 252 S.W.3d 403, 407 n.9 (Tex. Crim. App. 2008) ("In Texas, an *Anders* brief need not specifically advance 'arguable' points of error if counsel finds none, but it must provide record references to the facts and procedural history and set out pertinent legal authorities.") (citing *Hawkins v. State*, 112 S.W.3d 340, 343–44 (Tex. App.—Corpus Christi 2003, no pet.)); *Stafford v. State*, 813 S.W.2d 503, 510 n.3 (Tex. Crim. App. 1991).[2]

In compliance with *High v. State*, 573 S.W.2d 807, 813 (Tex. Crim. App. [Panel Op.] 1978) and *Kelly v. State*, 436 S.W.3d 313, 318–19 (Tex. Crim. App. 2014), appellants' counsel carefully discussed why, under controlling authority, there is no reversible error in the trial court's judgment. Counsel have informed this Court, in writing,

---

[2] The State has not filed a brief. Instead, the State responded to the *Anders* brief by acknowledging that counsel for appellant concluded that the appeal was frivolous and without merit and informing us that it would not file an appellee's brief unless necessary after reviewing any pro se response or upon order of this Court.

that they have: (1) notified appellants that counsel have filed an *Anders* brief and motion to withdraw; (2) provided appellants with copies of both pleadings; (3) informed appellants of appellants' rights to file a pro se response,[3] review the record preparatory to filing that response, and seek discretionary review if the court of appeals concludes that the appeal is frivolous; and (4) provided appellant with a copy of the record. *See Anders*, 386 U.S. at 744; *Kelly*, 436 S.W.3d at 318–19, *Stafford*, 813 S.W.2d at 510 n.3; *see also In re Schulman*, 252 S.W.3d at 409 n.23. More than an adequate time has passed, and appellants have not filed a pro se response. *See In re Schulman*, 252 S.W.3d at 409.

## II. INDEPENDENT REVIEW

Upon receiving an *Anders* brief, this Court must conduct a full examination of all proceedings to determine whether the case is wholly frivolous. *See Penson v. Ohio*, 488 U.S. 75, 80 (1988); *see also In re G.M.*, No. 13-08-00569-CV, 2009 WL 2547493, at *1 (Tex. App.—Corpus Christi Aug. 20, 2009, no pet.) (mem. op.). We have reviewed the entire record and counsels' briefs, and we have found nothing that would arguably support an appeal. *See Bledsoe v. State*, 178 S.W.3d 824, 826–28 (Tex. Crim. App. 2005) ("Due to the nature of *Anders* briefs, by indicating in the opinion that it considered the issues raised in the briefs and reviewed the record for reversible error but found none, the court of appeals met the requirement of Texas Rule of Appellate Procedure 47.1."); *Stafford*,

---

[3] In the criminal context, the Texas Court of Criminal Appeals has held that "the pro se response [to a 'frivolous appeal' brief] need not comply with the rules of appellate procedure in order to be considered. Rather, the response should identify for the court those issues which the indigent appellant believes the court should consider in deciding whether the case presents any meritorious issues." *In re Schulman*, 252 S.W.3d 403, 409 n.23 (Tex. Crim. App. 2008) (quoting *Wilson v. State*, 955 S.W.2d 693, 696–97 (Tex. App.—Waco 1997, no pet.)).

813 S.W.2d at 509.   Accordingly, we affirm the judgment of the trial court.

### III. MOTION TO WITHDRAW

In accordance with *Anders*, both counsel ask this Court for permission to withdraw as counsel for appellants.   *See Anders*, 386 U.S. at 744; *see also In re Schulman*, 252 S.W.3d at 408 n.17 (citing *Jeffery v. State*, 903 S.W.2d 776, 779–80 (Tex. App.—Dallas 1995, no pet.) ("If an attorney believes the appeal is frivolous, he must withdraw from representing the appellant.   To withdraw from representation, the appointed attorney must file a motion to withdraw accompanied by a brief showing the appellate court that the appeal is frivolous.") (citations omitted)).   We grant counsels' motions to withdraw. Within five days of the date of this Court's opinion, we order counsel to send a copy of the opinion and judgment to appellants and to advise appellants of their right to pursue a petition for review in the Texas Supreme Court.[4]   *See In re K.D.*, 127 S.W.3d 66, 68 n.3 (Tex. App.—Houston [1st Dist.] 2003, no pet.).

GREGORY T. PERKES
Justice

Delivered and filed the
13th day of November, 2014.

---

[4] No substitute counsel will be appointed.   Should appellants wish to seek further review of this case by the Texas Supreme Court, they must either retain an attorney to file a petition for review or file a pro se petition for review.   Any petition for review must be filed with the Texas Supreme Court clerk within forty-five days after the date of either this opinion or the last ruling by this Court on all timely filed motions for rehearing or en banc reconsideration.   *See* TEX. R. APP. P. 53.7(a).   Any petition for review must comply with the requirements of rule 53.2 of the Texas Rules of Appellate Procedure.   *See id.* at R. 53.2.